OPINION
{¶ 1} This is an accelerated appeal from the judgment of the Portage County Municipal Court, Ravenna Division, denying the appeal of appellant, Jacob A. Williams, of his administrative license suspension.
 {¶ 2} On July 13, 2001, appellant was arrested by the Ohio State Highway Patrol for driving under the influence of alcohol. At the State Police Barracks for Portage County, appellant was given a Breathalyzer test, which revealed his blood alcohol concentration to be .189. The arresting officer then issued an administrative license suspension ("ALS").
 {¶ 3} Appellant appealed the ALS, pursuant to R.C.4511.191(H)(1)(c), arguing that the arresting officer had not informed him of the consequences of refusing to submit to a BAC test or of submitting to the test. At the hearing on the appeal, appellant was the only witness to testify. He testified that the arresting officer did not show him BMV Form 2255, nor did the arresting officer read the required statement from BMV Form 2255 to him. Appellant also testified that he had not signed the form.
 {¶ 4} Appellant also offered into evidence his copy of BMV Form 2255, which is the last page of a four-page carbonless form. No signature was visible on the line reserved for the driver to acknowledge that the information on the form had been read to him and that he had received a copy of the form. At the bottom of the form were the signatures of the arresting officer and a witness, Sergeant C.M. Heverly, swearing that the required advice was shown to appellant and read to him in the presence of the witness.
 {¶ 5} The court examined its copy of the BMV Form 2255, which is the third of four copies. On that copy, a signature appears in the line reserved for the driver. The court found that, while the signature was illegible, there was a signature on the driver's line. The court denied the appeal, concluding that appellant had failed to prove, by a preponderance of the evidence, that the arresting officer did not inform him of the consequences of refusing or submitting to the BAC test, and did not give him a copy of BMV Form 2255.
 {¶ 6} Appellant timely appealed, raising the following assignment of error:
 {¶ 7} "[t]he trial court wrongfully denied appellant's automatic license suspension appeal pursuant to 4511.191(H)(1)(c)."
 {¶ 8} When a person appeals an ALS before the trial court, the scope of that appeal is limited to:
 {¶ 9} "(1) whether the officer had reasonable grounds to believe that the defendant was driving under the influence of alcohol or with a prohibited concentration of alcohol in the blood, breath, or urine; (2) whether defendant was placed under arrest; (3) whether the officer requested the defendant to submit to a chemical test; (4) whether the officer informed the defendant of the consequences of either refusing the test or of submitting to it; and (5) whether the defendant refused to submit to the test or failed it." State v. Haghighi (Aug. 30, 1996), 11 Dist. No. 96-P-0012, 1996 Ohio App. LEXIS 3676, at *5-6.
 {¶ 10} In this case, appellant only contests whether he was informed of the consequences of refusing the test or submitting to it. This is a factual determination on the part of the court, and we must affirm the decision of the trial court unless there is no competent or credible evidence to support the trial court's ruling. Id at *6. Furthermore, an appeal of an ALS is a civil proceeding, and appellant bears the burden of proving, by a preponderance of evidence, that the conditions for an ALS have not been met. R.C. 4511.191(H)(2).
 {¶ 11} Appellant argues that the court erred by denying his appeal because he testified that he was not read or given a copy of the form, and that he did not sign the form, and the state did not rebut any of his evidence.
 {¶ 12} While it is true that the state did not present any witnesses to testify at the hearing, the lack of live witness testimony does not equate to appellant's testimony being unrebutted. R.C.4511.191(D)(3) provides that:
 {¶ 13} "[t]he sworn report of an arresting officer completed and sent to the registrar and the court * * * is prima-facie proof of the information and statements that it contains and shall be admitted and considered as prima-facie proof of the information and statements that it contains in any appeal under division (H) of this section relative to any suspension of a person's driver's or commercial driver's license * * *."
 {¶ 14} Thus, despite the lack of live testimony offered by the state, the state produced prima facie proof that the information on BMV Form 2255 was read to appellant and that he received a copy of the form. Though it does not compel a conclusion, prima facie proof is sufficient to support a conclusion and is evidence to be considered and weighed.State v. Wall (1962), 115 Ohio App. 323, 336. The weight given to evidence and the credibility of witnesses are issues for the trier of facts. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The trial court determined that the sworn statements of the officers on BMV Form 2255 were more credible than and not sufficiently rebutted by the self-serving statement of appellant. The officers' written statements thus constitute competent, credible evidence to support the trial court's judgment, and we will not disturb this judgment on appeal.
 {¶ 15} Appellant also argues that there is no signature on the BMV Form 2255, showing appellant's acknowledgment that he was read the information on the form and received a copy of it. The statute, however, does not require that the driver sign the form. See State v. Koziol
(Aug. 29, 1997), 11th Dist. No. 96-L-193, 1997 Ohio App. LEXIS 3877 at *14, R.C. 4511.191(C)(2)(a). Thus, the issue of whether the form was signed or not signed by appellant is not determinative of whether the arresting officer complied with the requirements of R.C. 4511.191. Appellant's assignment of error is without merit, and, for the foregoing reasons, the judgment of the Portage County Municipal Court, Ravenna Division, is hereby affirmed.
WILLIAM M. O'NEILL, P.J., DIANE V. GRENDELL, J., concur.